UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | CASE NO. 1:04CR48 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| KREIGHAMMER NJORDSSON, aka | ) | REPORT AND RECOMMENDATION |
| KREIGHAMMER KAISER | ) | |
| VONNJORDSSON, aka GERALD | ) | |
| JOSEPH SAUL | ) | |
| Defendant. | ) | |

On January 24, 2006, the undersigned conducted an initial appearance regarding the instant alleged supervised release violation. At the hearing, Defendant was represented by his appointed counsel Joseph W. Gardner and the Government was represented by Linda Barr, Assistant United States Attorney.

The superceding violation report prepared by the probation officer on January 12, 2006, in the instant matter indicated that Defendant had violated the following conditions of his supervised release,

> Absconding - Mr. Njordsson was released from the custody of the Ohio Department of Rehabilitation and Corrections on September 1, 2005. He failed to report to the Middle District of Florida's Probation Office within 72 hours as required. He also is on state parole and failed to report to his state parole officer upon release.
>
> Violation of Special Condition - The offender shall have no direct contact with minors under age 18 without written approval of the probation officer - On January 9, 2006, Diane Barnes, the offender's girlfriend, provided testimony at Mr. Njordsson's initial appearance that he was residing with her and her four minor female children in Barnesville, Ohio, at the time of his arrest. Mr. Njordsson did not have written approval from the probation officer allowing contact with these minor children.

Superceding Violation Report at 1. The instant hearing involved only the alleged violation of the special condition. At the hearing and through his counsel, Defendant stipulated to the supervised release violation as set forth under the "Violation of Special Condition" in the superceding violation report.

**CONCLUSION AND RECOMMENDATION**

Based upon the superceding violation report and Defendant's stipulation, the undersigned finds that Defendant has knowingly and voluntarily admitted the alleged supervised release violation presented in the superceding violation report.  Consequently, the undersigned finds that Defendant has violated the terms and conditions of supervised release and recommends that the Court find that Defendant has violated the terms of his supervised release.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.


Dated: January 24, 2006             */s/George J. Limbert*
                                    George J. Limbert
                                    United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).